UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HAROLD KAHN and DEBORAH KAHN, on behalf of plaintiffs and a class,<br><br>    Plaintiffs,<br><br>v.<br><br>SELECT PORTFOLIO SERVICING, INC.,<br><br>    Defendant. | Civil Action No. 7:17-cv-07540-NSR-PED |

### PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Plaintiffs Harold Kahn and Deborah Kahn (the "Plaintiffs' or "Representative Plaintiffs"), respectfully request that the Court enter an order pursuant to Federal Rule of Civil Procedure 23(e): (1) provisionally certifying the proposed Class for settlement purposes only; (2) preliminarily approving the proposed Settlement Agreement; (3) directing notice to the Class; (4) setting dates for claim form submission, requests for exclusion, objections, and a final approval hearing and (5) setting dates for submission of Class Counsels' fee petition, and the Class Representatives Award petition.

In support of their motion, Plaintiffs state:

1.      This action was brought by the Plaintiffs on their own behalf and on behalf of all other persons similarly situated to the Plaintiffs.

2.      Plaintiffs asserted a claim pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*., against Defendant Select Portfolio Servicing Inc., ("SPS"). The parties have agreed to settle Plaintiffs' FDCPA claim on a class action basis.

3. Plaintiffs' allege that SPS violated the FDCPA by sending plaintiffs and the class members monthly account statements on accelerated loans that stated that a late fee would be assessed if payment was not received by a date certain. Defendant denies all of these factual allegations and the Court has not made a finding of liability against Defendant.

4. Counsel for Plaintiffs and Counsel for Defendant have reviewed and analyzed the complex legal and factual issues presented in this action, and the risks and expense involved in pursuing the litigation to conclusion.

5. The parties conducted comprehensive settlement discussions with the assistance of Magistrate Judge Paul E. Davison and agreed on the terms of the Settlement Agreement during a Settlement Conference held on November 28, 2018 (the "Settlement Agreement"), attached as Exhibit 1.

6. Prior to entering into settlement discussions, Plaintiffs' counsel engaged in extensive discovery (including written discovery and depositions) concerning the merits of plaintiffs' claims and defendant's defenses, as well as, the class allegations. Prior to entering into settlement negotiations, the parties had fully briefed plaintiffs' motion for class certification and were awaiting a ruling by this Court.

The proposed Settlement Class is defined as (a) all individuals with property addresses in New York, (b) to whom SPS sent a monthly statement, (c) with respect to a loan that was over 30 days behind at the time SPS began servicing it, according to the records of SPS, (d) and had been accelerated at the time the monthly statement had been sent, (e) where the monthly statement referred to late charges for late payments, and (f) the monthly statement was sent at any time during a period beginning October 3, 2016 and ending October 3, 2017. It is estimated that the class includes approximately 5,082 such accounts.

Plaintiffs contend that the following requirements of Rule 23 are met:

    a. The Class, consisting of 5,082 accounts, is sufficiently numerous such that joinder of all members is impracticable.

    b. There are questions of law and fact common to the Class that predominate over any questions affecting only individual members.

    c. The Class Representatives' claims are typical of those of the Class Members.

    d. The Class Representatives and their counsel are adequate representatives for the Class.

    e. Settlement of this action on a class basis is the superior and appropriate method for the fair and efficient resolution of this controversy.

7. Plaintiffs respectfully request that this Court approve and appoint Class-Settlement.com as the Settlement Administrator for the Class.

8. Under the terms of the Class Action Settlement Agreement and subject to court approval,

    a. A Class Settlement Fund of at least $115,000.00 shall be created for equal distribution to class members who submit a valid and timely claim form. All co-borrowers on an account shall be treated as one Class Member for purposes of the Settlement. Although it is unlikely, if a claim form is received on behalf of all 5,082 class members, each class member will receive a distribution of approximately $22.62 from the Class Settlement Fund. Based on Class Counsel's experience, Class Counsel expects 10%-20% of the class members will submit claim forms resulting in a recovery of approximately $226.28-$113.14 per class member.

    *b.* The Representative Plaintiffs shall receive $1,000.00 each for their statutory and actual damages. Additionally, the Representative Plaintiffs shall petition the Court for a Class Representative Award of $4,000.00 each for their service as class representatives. The Representative Plaintiffs may petition the Court for Class Representative Award not to exceed Four-Thousand dollars ($4,000.00) per Class Representative within 30 days after entry of the Preliminary Approval Order preliminarily approving the Class Settlement.

    c. Ten Thousand, Two-Hundred and Fifty Dollars ($10,250.00) shall be paid to Class-Settlement.com for Settlement Administration Costs, that includes the costs of sending notice and checks to the class members.

    d. The Settlement Administrator shall cause Notice to the Class members to be mailed within 45 days after entry of the Preliminary Approval Order.

    e. Class Member shall have 45 days after the Class Notice mailing deadline to submit a claim form, object, opt-out or request exclusion from the Settlement.

    f. Class Counsel may petition the Court for Attorneys Fee/Litigation Cost Award not to exceed Ninety-Nine Thousand, Seven Hundred & Fifty dollars ($99,750.00) within 30 days after entry of the Preliminary Approval Order preliminarily approving the Class Settlement.

    g. The Class Administrator must cause to be mailed to the Class members, by first class mail: (1) the Class Notice, and (2) the settlement checks.

    h. To the extent that there is a Settlement Amount Excess (as defined in ¶1.19 of the Settlement Agreement) an amount equal to the amount of such un-cashed checks are to be distributed to a *cy pres* recipient agreed upon by the parties and approved by the Court.

9. Counsel for Class Representatives, and the proposed Class believe that the settlement of this action on the terms and conditions set forth in the Settlement Agreement is fair, reasonable, and adequate, and would be in the best interests of the members of the proposed Class.

10. The Parties desire to settle and compromise the litigation on the terms and conditions embodied in the Class Settlement Agreement.

11. The Parties have agreed on the form of notice to be sent to each Class Member, attached as Exhibit 2, via first class mail.

12. The Parties have agreed on the proposed Preliminary Approval Order, attached as Exhibit 3.

WHEREFORE, the Plaintiffs respectfully request that the Court enter an order: (1) provisionally certifying the proposed Class for settlement purposes only; (2) preliminarily approving the proposed Settlement Agreement; (3) Appointing Class-Settlement.com as the Settlement Administrator (4) directing notice to the Class; and (5) setting dates for submission of claim forms, requests for exclusion, objections, and scheduling a fairness hearing (5) setting dates for submission of Class Counsels' fee petition, and the Class Representatives Award petition.

Dated: Chicago, Illinois
March 7, 2019

EDELMAN COMBS LATTURNER
& GOODWIN, LLC

By:   s/ Tiffany N. Hardy
        Tiffany N. Hardy

Attorneys for the Plaintiffs
Tiffany N Hardy
EDELMAN COMBS LATTURNER
& GOODWIN, LLC
20 South. Clark Street, Suite 1500
Chicago, IL  60603
(312)739-4200
(312)419-0379(Fax)

## CERTIFICATE OF SERVICE

      I, Tiffany N. Hardy, hereby certify that on Thursday, March 7, 2019 I caused a true and accurate copy of the foregoing document to be filed via the courts CM/ECF online system, which sent notice via email to all counsel of record.

                                                                         s/ Tiffany N. Hardy  
                                                                         Tiffany N. Hardy

Tiffany N Hardy  
EDELMAN COMBS LATTURNER  
& GOODWIN, LLC  
20 South. Clark Street, Suite 1500  
Chicago, IL  60603  
(312)739-4200  
(312)419-0379(Fax)