IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
HAROLD KAHN and DEBORAH KAHN,
on behalf of plaintiffs and all
others similarly situated,

              Plaintiffs,

v.

SELECT PORTFOLIO SERVICING, INC.,

              Defendant.
-----------------------------------------------------------x

Case No.: 17-cv-7540-NSR-PED

## FINAL APPROVAL ORDER & JUDGMENT

**WHEREAS**, the Parties to the above-described class action (the "Action") entered into a Settlement Agreement dated as of March 6, 2019 (the "Agreement," "Settlement Agreement," or "Settlement"); including the Addendum dated September 3, 2019, and

**WHEREAS**, on March 25, 2019, the Court entered a Preliminary Approval Order, which, *inter alia*: (i) preliminarily approved the Settlement; (ii) determined that, for purposes of the settlement only, the Action should proceed as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure; (iii) provisionally appointed Harold Kahn and Deborah Kahn as Settlement Class Representatives; (iv) provisionally appointed Edelman, Combs, Latturner and Goodwin, LLC, & Law Office of Lawrence Katz as Settlement Class Counsel; (v) approved the form and manner of the Class Notice; (vi) set deadlines for submission of claim forms, requests for exclusion, and objections; (vii) set deadlines for submission of Class Counsels' fee petition and the Class Representative Award petition; and (viii) set a hearing date to consider final approval of the Settlement.

**WHEREAS**, on October 11, 2019 the Court entered a Supplemental Preliminary Approval Order (Dkt No. 79). The Supplemental Preliminary Approval Order preliminarily

1

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/7/2020

approved the modifications to the parties' Agreement as set forth in the Addendum to the Settlement Agreement and set deadlines for sending the Supplemental Class Notice to the Additional Class Members, for submission of claim forms, requests for exclusion, and objections, and for submission of Class Counsels' supplemental fee petition and set a new date for the final approval hearing.

Class Notice was provided to all persons identified in the Settlement Class Member List in accordance with the Court's Preliminary Approval Order and subsequent Supplemental Preliminary Approval Order by individual mailings to all persons in the Settlement Class who could be reasonably identified; and

**WHEREAS**, a notice of Settlement was mailed on March 15, 2019 to governmental entities consistent with 28 U.S.C. § 1715; and a notice of the Settlement as modified by the Addendum was mailed on September 16, 2019 to governmental entities consistent with 28 U.S.C. § 1715;

**WHEREAS**, on January 17, 2020, at 11:00 a.m., at the United States District Court for the Southern District of New York, 300 Quarropas St., White Plains, NY 10601, The Honorable Nelson S. Roman held a hearing to determine whether the Settlement was fair, reasonable, and adequate ("Final Approval Hearing"); and

**WHEREAS**, based on the foregoing, having considered the papers filed and proceedings held in connection with the Settlement, having considered all of the other files, records, and proceedings in the Action, and being otherwise fully advised,

**THE COURT HEREBY FINDS AND CONCLUDES** that:

A. This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Settlement Class Members.

B. This Order incorporates the definitions in the Settlement Agreement including the Addendum, and all terms used in this Order have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein.

C.   The Class Notice and Supplemental Notice provided to the Settlement Class in accordance with the Preliminary Approval Order and Supplemental Preliminary Approval Order was the best notice practicable under the circumstances, and constituted due and sufficient notice of the proceedings and matters set forth therein, to all persons entitled to notice. The notice fully satisfied the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and all other applicable law and rules.

D.   The notice to government entities, as given, complied with 28 U.S.C. § 1715.

E.   The Settlement set forth in the Agreement including the Addendum, and as subsequently modified in Court on January 17, 2020 (i) is in all respects fair, reasonable, and adequate to the Settlement Class, (ii) was the product of informed, arms-length negotiations among competent, able counsel, and (iii) was made based upon a record that is sufficiently developed and complete to have enabled the Settlement Class Representatives and Defendant to adequately evaluate and consider their respective positions. In finding the Settlement as modified in Court on January 17, 2020 fair, reasonable, and adequate, the Court has also considered the number of opt-outs from the Settlement, objections by Settlement Class Members, and the opinion of competent counsel concerning such matters. The Court notes that there were no duly filed or otherwise received objections to the Settlement.

F.   The Settlement Class Representatives have fairly and adequately represented the interests of Settlement Class Members in connection with the Settlement.

G.   The persons and entities who have timely and validly filed Opt-Outs are identified in Exhibit 1 attached hereto ("Excluded Persons").

I.   **NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED** that:

1.   The Settlement set forth in the Settlement Agreement and Addendum as modified in Court on January 17, 2020 is approved as fair, reasonable, and adequate. Accordingly, the Court authorizes and directs implementation of all terms and provisions of the Settlement Agreement and Addendum, with the modifications set forth in open Court.

2. All Parties to this Action, and all Settlement Class Members, are bound by the Settlement as set forth in the Settlement Agreement and this Order. Excluded Persons identified in Exhibit 1 are no longer parties to this Action and are not bound by the Agreement or the Settlement.

3. The appointment of Harold Kahn and Deborah Kahn as Settlement Class Representatives is affirmed.

4. The appointment of Edelman, Combs, Latturner and Goodwin, LLC, & Law Office of Lawrence Katz as Settlement Class Counsel is affirmed.

5. The Court affirms the finding that the Settlement Class meets the relevant requirements of Fed. R. Civ. P. 23(a) and (b)(3) for purposes of the Settlement in that: (a) the number of Settlement Class Members is so numerous that joinder is impracticable; (b) there are questions of law and fact common to the Settlement Class Members; (c) the claims of the Settlement Class Representatives are typical of the claims of the Settlement Class Members; (d) the Settlement Class Representatives are adequate representatives for the Settlement Class, and have retained experienced counsel to represent them; (e) for purposes of settlement, the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; and (f) for purposes of settlement, a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

6. Judgment shall be, and hereby is, entered dismissing the Action with prejudice, on the merits, and without taxation of costs in favor of or against any Party.

7. Upon Final Approval, and in consideration of the promises and covenants set forth in this Agreement, the Class Representatives, and each Class Member who did not successfully Opt Out, and each of their respective spouses, children, executors, representatives, guardians, wards, heirs, estates, bankruptcy estates, bankruptcy trustees, successors, predecessors, attorneys, agents and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf (in their capacities as such) (the "Releasing

Parties") hereby release and forever discharge Defendant and its past or present officers, directors, trustees, members, employers, employees, partners, principals, agents, shareholders, attorneys, accountants, auditors, advisors, personal and legal representatives, heirs, beneficiaries, assigns, predecessors, successors, parents, subsidiaries, divisions, associates, related or affiliated entities (in their capacities as such), any persons or entities for whom Defendant services or has serviced a Class Member's mortgage loan, including but not limited to noteholders, or any person or entity acting or purporting to act for Defendant or on its behalf or on behalf of any other Released Party (collectively the "Released Parties") from all causes of action, suits, claims, damages, agreements, liabilities, obligations, and demands of any kind whatsoever, known or unknown, direct or consequential, in law or in equity, which the Releasing Parties now have or ever had against the Released Parties, for any violations of the FDCPA, State fair debt collection laws, or any other claims or legal theories relating to or arising out of the claims alleged in the Complaint (the "Released Claims"). Notwithstanding the foregoing, this Agreement does not address the validity of the debts allegedly owed by the Class Representatives or the Class Members. Other than the FDCPA and state law claims released, the Class Representatives and the Class Members do not waive or release defenses available to them, if any, to any underlying foreclosure litigation brought by or on behalf of Defendant. The Class Representatives and the Class Members do not release their right to dispute any alleged debt or any part of an alleged debt related or unrelated to the language at issue in the monthly statements. Specifically excluded from the Class Members' release are any claims or defenses relating to (1) whether or not any debt is owed, (2) the proper crediting of payments and (3) the accurate reporting of the alleged debt to the credit reporting bureaus. This release is conditioned on Defendant meeting its obligations under paragraphs 2.02 (including 2.02(a)) and 2.03 of the Settlement Agreement and Addendum.

8. Upon Final Approval, and in consideration of the promises and covenants set forth in this Agreement, Plaintiffs Harold Kahn and Deborah Kahn, and each of their respective children, executors, representatives, guardians, wards, heirs, estates, bankruptcy estates,

bankruptcy trustees, successors, predecessors, attorneys, agents and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf (in their capacities as such) (collectively "Kahn Releasors"), fully and forever resolve, release and discharge Defendant as well as its past, present and future predecessors, successors, assigns, parent corporations, subsidiaries, holding companies, divisions, unincorporated business units, joint venturers, partners, insurers, members, officers, directors, shareholders, managers, employees, agents, servants, representatives, officials, attorneys, associates, trustees, related or affiliated entities (in their capacities as such), any persons or entities for whom Defendant services or has serviced Plaintiffs' mortgage, including but not limited to JPMorgan Chase Bank, N.A. and other noteholders, or any person or entity acting or purporting to act for Defendant or on its behalf or on behalf of any other Kahn Released Party, including but not limited to The Bank of New York Mellon Trust Company, N.A., f/k/a The Bank of New York Trust Company, N.A., as Trustee for Chase Flex Trust Series 2007-1 (collectively "Kahn Released Parties"), from any and all claims, counterclaims, causes of action, of whatever type or nature which were brought or could have been brought in the Action, including but not limited to all claims for violation of the FDCPA. Notwithstanding anything to the contrary, specifically excluded from this Release are any claims or defenses the Kahns may have concerning: (1) whether any specific mortgage debt is in fact owed (including any statute of limitations defense), and the amount thereof, (2) the proper crediting of specific payments, and (3) the reporting of the alleged specific mortgage debt to the credit reporting bureaus. This release is conditioned on Defendant meeting its obligations under paragraphs 2.02 (including 2.02(a)) and 2.03 of the Settlement Agreement and Addendum.

9. The Class Representatives and all Settlement Class Members are hereby barred and permanently enjoined from instituting, asserting or prosecuting any or all of the Released Claims against any of the Released Parties.

10. The Court hereby decrees that neither the Settlement Agreement nor Addendum, nor this Order, nor the fact of the Settlement, is an admission or concession by Defendant, the

Released Parties, or the Kahn Released Parties of any fault, wrongdoing or liability whatsoever, or as an admission of the appropriateness of class certification for trial or dispositive motion practice. This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action. Nothing relating to the Settlement shall be offered or received in evidence as an admission, concession, presumption or inference against Defendant, the Released Parties, or the Kahn Released Parties in any proceeding, other than such proceedings as may be necessary to consummate or enforce the Settlement Agreement, including the Addendum, or to support a defense based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense.

11. Settlement Class Counsel is awarded attorneys' fees and litigation costs in the amount of $91,324.67, such amounts to be paid from the Total Settlement Amount in accordance with the terms of the Settlement Agreement, including the Addendum. Settlement Class Representatives are awarded service awards of $4,000.00 each, such amounts to be paid from the Total Settlement Amount in accordance with the terms of the Settlement Agreement, including the Addendum. The remaining $148,177.97 of the Total Settlement Amount (after deduction of the Costs of Class Notice and Administrations Costs; the Class Representatives statutory damages and Class Representative Awards, and Class Counsel's attorney's fees) shall be distributed to the class members who submitted valid claims forms.

12. The Court hereby retains and reserves jurisdiction over: (a) implementation of this Settlement and any distributions of the Total Settlement Amount; (b) the Action, until the Final Approval Date, and until each and every act agreed to be performed by the Parties shall have been performed pursuant to the terms and conditions of the Settlement Agreement, including the exhibits appended thereto; and (c) all Parties, including members of the Class, for the purpose of enforcing and administering the Settlement.

13. There being no just reason for delay, the Clerk of Court is hereby directed to enter final judgment forthwith pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

14. In the event that this "Final Approval Order" does not become "Final," as defined in Paragraph 1.10 of the Settlement Agreement, then the Settlement shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement, and this Order shall be vacated. In such event, all orders entered and releases delivered in connection with the Settlement shall be null and void and the Action shall return to its status immediately prior to execution of the Settlement Agreement.

15. The Court adjudges that the Settlement Class Representatives and all Settlement Class Members shall be bound by this Final Approval Order.

16. Upon the entry of this Order, the Settlement Class Representatives and all Settlement Class Members shall be enjoined and barred from asserting Released Claims against Defendant and the Released Parties.

SO ORDERED this 7th day of Feb., 2020.

_____
Hon. Nelson S. Román
United States District Judge

Clerk of the Court requested to terminate the motions (docs. 76, 81, 84 and 87).